Let's see, Ms. Nygaard for the appellant. You may proceed. Good morning. May it please the Court, my name is Gretchen Nygaard. I'm the attorney for the appellant of the United States of America. At the heart of this appeal is a running dispute regarding the amount of the IRS's secured claim in the Chapter 13 bankruptcy of Mr. and Mrs. Austin, the debtors. And the amount of the IRS's secured claim hinges on the valuation of an asset reported in their schedules. That asset is an unresolved workers' compensation claim. At the time they filed their schedules, they listed this unresolved claim at $0. And continued to assert the claim had no value, a nuisance value, or at the very end, a nuisance value of $3,000, despite settling the workers' compensation claim for over $20,000 seven months after they filed their bankruptcy petition. Now, the IRS claim as a matter of law is entitled to a presumption of correctness. The Federals of Bankruptcy Procedure accorded that deference. It is the debtor that must come forward first with substantial evidence to rebut that presumption. The bankruptcy court's order was in error because the court incorrectly found that the debtors presented substantial evidence in support of their objection to claim in the form of a single, uncorroborated, hearsay affidavit of their workers' compensation attorney regarding the value. Well, let's start with that statement of error. How do we review that? What's our standard of review? Because in the briefing, I saw two different citations, one that says it's a clearly erroneous standard and one that says it's de novo. What do you think it is? Well, Your Honor, it's the United States' position that the panel's decision should be the same regardless of the standard of review analysis.  The Eighth Circuit in the case Blodgett has found that it is a question of law whether there was sufficient evidence present to shift a burden of proof. However, were this court to determine that this is a question of law, we believe that the bankruptcy court's Question of fact, you mean? Yes, thank you. If this was a question of fact, that in providing weight, let alone any weight, to the hearsay affidavit of the workers' compensation attorney, that that was a clear error in relying on that fact. So did you object or did counsel for the IRS, I don't know who was at the trial court, object to the use of the affidavit? As reflected in our briefings at the posture of this case, there was a hearing on the objection to claim and during that hearing, both parties presented their legal arguments. There was discussion of the affidavit. However, Mr. Austin's attorney did not seek to have that affidavit admitted into evidence. Mr. Smallwood, the attorney, the affiant, was not present to provide testimony. He was not cross-examined. In fact, no witnesses were cross-examined. Did counsel for the IRS request the opportunity to cross-examine him? I'm not aware and that's not on the record. However, in the very initial objection to claim hearing in this case, where in that hearing, the court ruled that the workers' compensation claim needed to have a value and the Austins needed to provide a value for that claim. The court said that it may require an evidentiary hearing where testimony would be offered or even an expert might opine on the value of the claim. It's our position that there was no evidentiary hearing in this case. And that is why our argument here today in the alternative, should this court wish to remand the case for an evidentiary hearing that did not occur. Well, tell us, the affidavit was submitted prior to the hearing, correct? Yes, Your Honor. So it was submitted as part of the debtor's objection and therefore submitted as the debtor's substantial evidence, correct? Yes. Okay. But there was no formal offer of the affidavit at the hearing, but the judge clearly relied upon it because she cited to it, right? Yes, in the order the judge relied on the affidavit. And it's our position that that reliance was, again, insufficient as a matter of law or an incorrect weighing of facts. Again and again, courts in the circuit find that hearsay affidavits should be provided no weight, let alone little weight, let alone any weight, and especially a conclusory affidavit such as this. There was no objection. There was no hearsay objection. So calling it a hearsay, I mean, well, affidavits are hearsay, but calling it a hearsay affidavit doesn't make it so because there's no objection, right? Well, it's an out-of-court statement offered for the truth of the matter asserted. If we want to put aside the hearsay issue, it is still an affidavit that is conclusory, and that is the statement of the workers' compensation attorney where he is opining that the claim has a certain value. However, it's uncorroborated. There's no additional documentation or additional facts other than I continue to work the case, and therefore I settled it for more. Did the IRS put in any evidence to establish otherwise, to establish the value otherwise? The United States claim, the IRS claim, is based on two pieces of information. One, it is the admissions of the Austins themselves, the amount of equity that they reported in their own schedules, and the second value included is the amount actually received by the Austins in the settlement. When the IRS learned that there had been a settlement and it was approved by a judge for the Missouri Department of Labor and Industrial Relations, the United States included that value but subtracted the amount of fees and costs that the Austins paid. Did the bankruptcy court ever approve that settlement? Excuse me? Did the bankruptcy court ever approve that settlement? I'm not aware. The bankruptcy court did not approve the settlement. The settlement was approved by and received by the Austins in July prior to the initial hearing. Excuse me. So a claim involving an asset of the bankruptcy estate was settled without the approval of the bankruptcy court. That's correct. And, again, the court ordered initially that this claim must have a value. That was on the initial objection to claim. And they did not revise their schedules at that point. And that was why the United States revised its amount of its secured claim because it came to know more information about the actual value received. And, again, the United States position is not that there should be a standard rule that an amount received is the correct value for a claim. Our position is that the claim cannot not have a value and that the Austins affidavit alone is not sufficient to rebut the presumption of correctness of the IRS claim, which, again, was based on publicly available information approved by a state court and the Austins' own disclosed assets. Thank you. And courts in the Eighth Circuit, in particular in Enray Brown, have examined what is substantial evidence in the context of an objection to claim and have found there is no substantial evidence when debtors presented uncorroborated testimony and inadmissible evidence. Rather, substantial evidence must be of evidentiary quality material and equal in probative force to the claim itself. It's the United States position that our claim entitled to a presumption of correctness under the law has great weight. In addition to that, that the pieces of information used to reach the claim value also are greater in force probatively than the uncorroborated conclusory affidavit. At what juncture does the burden of proof shift to the IRS to justify its claim? In other words, if the affidavit is taken at face value, we didn't have an evidentiary hearing, does the burden then shift to the IRS to establish its claim as prima facie or has the debtor overcome that conclusion? Our position is in this case, the United States went into the hearing with the position that the affidavit was not substantial evidence and no burden had been shifted. I think there are times where you can tell in the case law that most of the time that bankruptcy courts have ruled on this issue, there was an evidentiary hearing where parties on both sides presented evidence regarding a claim and rebutting that presumption. It's our position that that did not happen here. Ms. Negard, isn't it the law that the burden of proving the tax issue is always on the debtor in terms of proving, well, it would be a deduction, but here the, in order to... I'm not saying this terribly articulately. Yeah, the burden is on the taxpayer. This here is a little different in that the Austins do not contest that the IRS is owed money and so in some circumstances of objection to claim, the debtor is coming forward and has the burden of proving that, putting forward evidence that that tax is not owed. However, in this case, it's a narrower issue in that it's the actual amount of the secured claim. So it's our position that they must come forward with substantial evidence and to rebut our claim valuation and after that point, then it is the creditor, whether it's the IRS or another creditor, to present additional evidence to support it. And what happened here is that we believe the bankruptcy court made a, proceeded to make a valuation determination when that initial burden had never been shifted based on the evidence presented by the Austins. Thank you. I understand you're reserving some time. Yes, thank you. All right, Mr. Brees. Good morning. May it please the court, I had no idea that that's what this thing did. I'm going to take from the court's directive in the previous argument to start with what I believe is the best reason why the court should, this court should affirm the bankruptcy court's ruling and that's because these arguments were not preserved. I believe the court on the argument of the, they're not preserved for appeal because the court asked questions, direct questions of the appellant in its argument in chief in regards to raising. Asking questions isn't evidence though, is it? I agree. So was there an evidentiary hearing? No, there was not. But I don't believe that the evidentiary hearing would have been, was directed to be scheduled by one party or the other. Frankly, the affidavit was offered from, as I argued the case in front of the bankruptcy court, was merely to not inconvenience the workers' compensation attorney to come and testify about the substance of his affidavit. I don't think his appearance in court to orally discuss the basis of his affidavit would have changed the ultimate facts of the case. Did you ask for the affidavit to be admitted as evidence? I did not. I attached it to a pleading. I don't believe that further, I didn't believe that further admission was required. Doesn't the fact though that he was, the attorney was not present, that the IRS didn't have an opportunity for cross-examination or to fully develop the facts with regard to what the value was at the time of the bankruptcy filing? Well, I'm not sure, are you asking me if it prejudiced the appellant to do that? I mean, there was a good year between the final hearing on this case and the time that the court actually entered the order, finding that the affidavit was substantial evidence. I don't believe at any time that precluded the IRS, the appellant, from setting an evidentiary hearing or objecting in some way to the admission or to the use of the document as the court's basis for its ruling. Why don't you tell us this? I mean, isn't this case about whether or not that affidavit relied upon by the bankruptcy judge constitutes substantial evidence? I mean, isn't that the issue that's in front of us? Yeah, I think the court essentially was required to do something couched within Rule 3001 and it used the case law that sort of analyzed the shifting burden of proof between the parties in regards to showing certain issues in the claim. Okay, so the affidavit essentially says that when I filed the case, it was a nuisance and that because I continued pursuing this nuisance, it grew in value over time to the point that I was able to reach a settlement. But the IRS, what we're trying to value is the secured claim of the IRS. The secured claim of the IRS is 100% of the debtor's property right at the date of bankruptcy filing. The debtor's property right in this asset was the injury had already occurred. Is that correct? That is correct. So the injury didn't increase from the date of bankruptcy filing to the date that was seven months later when it was settled, did it? Well, it depends on who you ask. I mean, if we were going to take unliquidated personal injury or workers' comp cases of the debtor at the time of filing and apply some sort of, I don't know, formulaic valuation formula, I think it really diminishes the value of a whole area of practice law, whether it be personal injury cases or workers' comp cases. I don't think the necessity of those attorneys would exist. What I'm trying to figure out is how did this attorney, Mr. Smallwood, have any control over the value of the knee injury of Mr. Austin? So Mr. Austin had a knee injury on the day of bankruptcy filing. He still had that seven months later when he settled the case. It was only seven months, six, seven months between date of filing and date of settlement. How did whatever Mr. Austin did, I'm sorry, Mr. Smallwood, how did that have anything to do with the value of basically the extent of the injury to Mr. Austin? I think you can find that answer in the face of the affidavit. I think that Mr. Smallwood says, look, at the time that the debtor filed bankruptcy, the employer had not accepted liability. There had been no settlement demands made or settlement offers discussed. But the knee was still injured. Correct. But if the debtor doesn't have a workers' comp attorney, I don't believe that at any point he gets anywhere near what the claim eventually settles for. And I don't, I'm hesitant to go too far down that road because we have to value, I mean, I think the code says explicitly that it has to be valued as the day of the filing of the case. I think it's analogous to a personal injury claim. If it's abandoned by the debtor at the time of the filing of the case, I mean, it could be worth nothing. But what's the evidence that the value of this knee injury claim somehow grew? How did the value of a claim for an injured knee grow over a seven-month period? Well, I don't think that that's the evidentiary burden, but I think I can answer the question. I think it's the work of the claimant's attorney. I mean, one, the debtor has to continue treating. He has to get a rating. Yeah, but the attorney is compensated for his work. That doesn't have anything to do with how much the claim was valued at. Well, I believe it does because if you take a claim, I mean, my firm does a substantial amount of defense work. I mean, we are not, and I can't speak for other attorneys in my office, but you don't generally get a petition or a pre-petition demand and say, until your client expect to pay this amount in settlement of the claim. I mean, there was a lot of work, and in this case, post-petition work that was required to eventually reach the post-petition settlement amount. And again, I don't think that that's something that's. . . Yeah, that was our original. Our original argument was that because at the time of the filing of the case, there had been no offers to settle the case, and the court disagreed with us. They said, if you're going to continue to prosecute the case, it must be worth something. Well, let me ask you a different practical question. Let's set aside the value of the claim for the time being. Let's say it's $3,000 or it's $21,000 or whatever the amount is. If the IRS has not paid those funds as a secured creditor, what happens to them in the bankruptcy? Well, in this instance, because of Missouri's workers' compensation exemptions, it's really sort of a no harm. . . I don't want to call it that, but there was no effect to the bankruptcy case. You never amended the schedules, though. I did not. I have not yet. The schedules have been and still are, as to this claim, they show the value is unknown of the claim. But what I'm saying, and I think I understand where the court is going with this, is it doesn't affect . . . There's not a best interest of creditors' interest in those funds because the entitlement to the workers' comp at the time of the filing of the case is not . . . It doesn't become an asset of the estate. But isn't it disposable income? Under the Chapter 13? I mean, the IRS is not bound by exemptions, as I understand their secured lien. So, doesn't it become disposable income? If it doesn't go to the IRS and we buy your argument, then doesn't it get distributed to other creditors? Subject to other motions, other orders of the court, which I . . . And I heard the court's question, and I don't recall that we didn't file a motion to retain those proceeds. So, but I can't speak to that. I just didn't look at that in the record before . . . in preparing for today's hearing. But, I mean, yes, I suppose you could make the argument that that's a sum that's received to the debtors during the life of the plan . . . and is subject to approval of the bankruptcy court to be distributed to, you know, the whole class of creditors. So, the trustee could come in and argue that if the IRS doesn't get those funds and they're not secured . . . then they have to be distributed to the unsecured creditors. So, your client doesn't get those funds in any event? Absent further order of the court, yes. I mean, I think . . . but I think that, you know, I think what I've seen as standard of practice in the district in which this decision came from . . . was that debtors will routinely request to retain all or portions of those funds to do either things that are to increase the plan. I mean, sometimes they will . . . But, that's not before us. No, it's not. I mean, so the object . . . the answer is, it could be considered disposable income. It could. I agree. It could. Counsel, how is this substantial evidence of the value? Oh, I believe it's the best evidence. I . . . Isn't the best evidence what the claim settled for in less than six months later? No. I mean, because the claim has to be valued as the date of the filing of the petition. I mean, I think that the case that is cited by the appellant, the Posner . . . the case . . . the opinion that was written by Judge Posner . . . I think it's the Polis case . . . says that it's not a sort of misuse of the bankruptcy code or the bankruptcy law that the debtors' claims could greatly increase in value post-petition. So, I think that, you know, to get back to the original question, I don't think . . . I think that, you know, it's the best value is the value of the filing of the case. What . . . to whom does the value inure to? Does it inure to the debtor post-petition or does it inure to the secured creditor? I'm not sure I understand your question. Well, if you have an injury, as Judge Saladino said, on the date of filing . . . Okay. . . . and the injury doesn't change, and seven months later you have a settlement amount, does that inure to the benefit of the debtor or does it inure to the benefit of the secured creditor to the extent they're never paid in full? Well, for this analysis, it should be inure to the debtor. And why is that? Because the valuation has to be . . . the secured valuation has to be done on the date of filing pursuant to 506. It has to be. I mean, the code doesn't give you any wiggle room. It says that the value . . . the secured value of the claim has to be done on the date of the filing of the case. But the secured value . . . it's secured in all of the assets. I mean, it's in terms of whether . . . because what you had originally stated was that there was no value on the date, and then you said nuisance value. I say you, meaning the evidence. Yeah. And then to say $3,000. I still go back to how is that substantial evidence of the value when you have that actual settlement value just a few months later? Well, again, I think it goes back to the amounts of post-petition work that was necessary to enhance the value of the claim. But post-petition in a Chapter 13, the estate continues to exist. It's not like a Chapter 7 where it gets cut off and things then continue. I mean, as that value increases, as Judge Sandberg says, why is $3,000 better than the settlement amount? Because the valuation is required under 506 to happen and be assessed as of the day of the filing of the case. I don't think there's any way around that. So where's the evidence, though? I'm trying to find the substantial evidence that the value of this claim was $3,000 on the date of bankruptcy filing versus the amount the IRS claimed, which is entitled to prima facie validity unless overcome by substantial evidence. What's the substantial evidence? The substantial evidence is the face of the affidavit. Right, but the face of the affidavit just says, well, I kept working the claim. Well, but I also believe that that has a basis in, like, there's a basis, almost an expert basis. I mean, here we have the workers' comp attorney who has no interest in the valuation of the claim for the purposes of the debtor here saying, look, I've done thousands of these cases in this jurisdiction, and here are the facts of this case at the time that the petition was filed. And so my best assessment based on the thousands of cases that I filed was this. I mean, I suppose. But it doesn't describe the injury. It doesn't describe. I disagree. I think there is some description of the injury. I mean, you know, I'm hesitant. It just says there's a knee injury. It doesn't say the extent. There was no medical information. Yeah, and I apologize for cutting you off. I don't believe that the medical records had been completed at the time of the filing of the petition. So how could the claim be valued at that point? Well, I think that's the nuisance value. It's basically saying what would the comp insurer pay. Let me stop you. You're saying because there was no medical valuation and you didn't know the extent of the injury on the petition date, it's automatically worth a nuisance value. Yes. I don't know. I'm sorry. I just don't. I can't think of a defense attorney who would offer more, honestly, at the point. I mean, I see that the standard of practice is to make a plaintiff go through the discovery process. Doesn't a work comp claim, really the thing that needs to be proven is that the injury occurred at work and then there's a schedule based on the injury. It's not something that develops through evidence. There is somewhat of that. I won't dispute that there's the quote-unquote meat chart, and I don't know a lot about it, but I know it is based a lot. It's not based merely on the employer accepting that it happened in the course and scope of the claimant's employment and that this is the amount that's claimed. There is a basis of a medical opinion because there has to be a rating. And again, I'm getting to the high limits of what I understand of workers' comp, but I believe that the affidavit is more than substantial evidence, and the IRS had the ability to bring him into court if they wanted to know more or object to the basis of the affidavit, and they did neither. Thank you. Thanks. All right, Ms. Nygaard. You have a little over three and a half minutes. As an initial matter, as argued in our briefs, the United States did preserve its objection in the objection to claim hearing. Again, it was only a nine-minute hearing. It was very brief, but the United States specifically stated that its position was this affidavit did not constitute substantial evidence. And in turn, the United States does not argue and actually agrees that the standard is the value of the claim on the date of the petition. However, the argument put forward by Mr. Brees and also in the conclusory affidavit is simply because I hadn't done any work on my case as of the date of the petition, it had no value. That's simply not what a valuation determination is. It's as if I said my car has no value today because I want to sell it, but I've done nothing to try and sell my car. And yes, assets can appreciate over time, but on the date of the petition, it has an inherent value. How would a knee injury appreciate? Our position is it doesn't appreciate. In terms of the value, there are circumstances, as described in the Polis case, where you may have an asset that was appropriately valued on the petition date that appreciates over time, and that appreciation is not included in the bankruptcy plan. However, here, the bankruptcy court highlighted the Coomba case that discussed that while litigation claims might be very difficult to value, that's something that a bankruptcy court is capable of doing. And that debtors might, again, need to provide expert evidence, gather evidence of similar monetary settlements. And unlike some cases where that might be very difficult, in the workers' compensation field, there is a statutory schedule and publicly available settlements about what potentially similar injuries may have settled for. If the workers' compensation attorney had been put forward, he could have explained his reasoning about why his expertise perhaps resulted in taking a bad claim to $20,000. However, that was not put before the court, and no additional corroborating information was provided. In addition, the ruling of the bankruptcy court creates incentives that are contrary to the goals of Chapter 13, which is to ensure the distribution of assets to creditors. The bankruptcy court's ruling encourages debtors with unlitigated, unresolved claims to put off evaluating those claims until after they file a petition, and supporting a low ball value based on the fact that no work had been done up until that point. It is, therefore, the United States respectfully requests that the bankruptcy court's ruling that the uncorroborated hearsay affidavit with substantial evidence be overruled. However, in the alternative, the United States requests a remand for an evidentiary hearing where evidence can be presented on the value of the claim. Thank you. Thank you. Court will be in recess until further notice.